THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOIS BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANNE SORISE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOLORES BENDER, True Name, DOLORES BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HELEN LE GRANDE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SARAH MALONEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VASTINER KING, Appellant.— Appellants solicited funds on the streets of New York City for a period of more than a year, as set forth in the indictment. The practice was to sit in front of department stores and other public places and receive coins from the public in a metal cup or plate held in the lap of each appellant. Each appellant was dressed in the habit or garb common to nuns or sisters, although the particular combination of elements of the attire was not significant of any particular order or organization. Each appellant was at all such times in possession of a written certificate of authority to make collections on behalf of a religious corporation duly organized under the Religious Corporations Law. There was evidence that, under an agreement with the corporation, each appellant delivered $2.50 a day to the pastor of the corporation's church, and retained the remainders of the collected funds as her personal compensation. There was also evidence of another version of the agreement, which was testified to at the trial, that each appellant delivered all collected funds to the pastor and received from him about $10 a week as compensation, the pastor retaining $2.50 a day for his personal needs and applying remainders to other church purposes. After trial, each appellant was convicted, under section 934 of the Penal Law of fraudulently obtaining property for a charitable or benevolent purpose, and under section 580 of the Penal Law of conspiracy to violate section 934; and sentences were imposed, consisting of a term of imprisonment and a fine for each appellant. Judgments of the County Court, Kings County, reversed on the law and the facts, the indictment dismissed, the fines remitted, and bail exonerated. There is no evidence that appellants violated the provisions of section 934 of the Penal Law. Nolan, P. J., Wenzel and Schmidt, JJ., concur; Beldock, J., with whom Murphy, J., concurs, dissents and votes to affirm the judgments of conviction, with the following memorandum: Section 934 of the Penal Law makes it a crime for a person, willfully, by false pretense, to obtain money for any alleged or pretended charitable or benevolent purpose. On the evidence presented, the jury was free to find that each appellant solicited funds by false pretense in that (1) she wore the habit of a nun in bad faith for the

purpose of creating the impression that she was soliciting for a religious purpose, although she was not so soliciting; (2) she carried with her a certificate which represented that she was a member of the church for which she was soliciting, although she was not such member; (3) this certificate represented that the contributions solicited were for religious purposes, whereas they were not; (4) the certificate also stated that she was a "Sister", which, together with the habit she wore, created the impression that she was a "nun", whereas she was not. Webster's New International Dictionary (2d ed. Unabridged) defines the word "nun" as follows: "A woman devoted to a religious life under certain vows; commonly, a woman who lives in a convent, under vows of poverty, chastity, and obedience." Appellants do not resemble such a description. The jury was free to find that each appellant did not solicit funds for the church or for a religious purpose, but solely for the personal benefit of herself and for the pastor who gave her the certificate authorizing her to solicit. In our opinion, solicitation for an alleged or pretended religious purpose is a violation of the statute, and such purpose is encompassed within the terms "charitable or benevolent", especially in view of the fact that a religious corporation may engage in charitable or benevolent activities. (Religious Corporations Law, § 5.)